

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASWANT SINGH, | No. 18-73011 |
| Petitioner, | Agency No. A206-460-484 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 7, 2020[**]
San Francisco, California

Before: MURGUIA and CHRISTEN, Circuit Judges, and SESSIONS,[***] District
Judge.

     Jaswant Singh petitions for review of the Board of Immigration Appeals'

(BIA) decision dismissing his appeal from the Immigration Judge's (IJ) order

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

     [***]     The Honorable William K. Sessions III, United States District Judge
for the District of Vermont, sitting by designation.

finding him ineligible for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition in part and dismiss in part.[1]

We review the BIA's factual findings underlying a determination that an alien has not established eligibility for asylum, withholding of removal, or CAT relief for substantial evidence. *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020). To prevail under the substantial evidence standard, the petitioner "must show that the evidence not only supports, but compels the conclusion that these findings and decisions are erroneous." *Cordon-Garcia v. I.N.S.*, 204 F.3d 985, 990 (9th Cir. 2000). Where, as here, the BIA has also conducted its own review of the evidence, we review the BIA's legal conclusions de novo and limit our review to the BIA's decision "except to the extent the IJ's opinion is expressly adopted." *Id.*

1. The BIA did not err by concluding that Singh was not eligible for asylum despite the IJ's finding that he had a subjective fear of persecution. "When an asylum applicant has established that he suffered past persecution, the burden is on the government to show by a preponderance of the evidence that the applicant either no longer has a well-founded fear of persecution in the country of his

---

[1] Because the parties are familiar with the facts, we recite only those facts necessary to resolve the issues on appeal.

nationality, or that he can reasonably relocate internally to an area of safety."

*Singh v. Whitaker*, 914 F.3d 654, 659 (9th Cir. 2019) (citing 8 C.F.R.

§ 1208.13(b)(1)(i)). Here, the BIA determined, and the record supports, that Singh

could relocate outside of the Punjab area because: (1) he was active in the Bohan

Samaj Party (BSP) only in his home and nearby villages and he was not known

outside of this area for being a member of the party; (2) apart from his own

speculation, he did not offer evidence that the police specifically target, harass, or

harm BSP members; (3) he never had any encounters with the police while in India

and thus did not establish that the police would be in possession of any information

that might expose him to danger; (4) tenant verification procedures are not

uniformly administered throughout India and could not be used to track Singh

should he return; (5) there are Sikh communities throughout India to which Singh

can relocate.

The BIA did not err when it accepted the IJ's determination that Singh's fear

of future persecution was not objectively reasonable. The background evidence

did not support routine violence against BSP by the Akali Dal Badal Party (Akali)

members, nor police involvement in harassing or harming BSP members, nor that

tenant verification procedures would place Singh in harm's way. Thus, the BIA

and IJ properly "identified the particular grounds on which [petitioner] claimed he

3

might be persecuted and cited specific relevant evidence showing that persecution on those grounds is unlikely," which is "the very definition of the individualized determination." *Singh v. Holder*, 753 F.3d 826, 834 (9th Cir. 2014). Because Singh cited no objective evidence for his fear of future persecution—only his speculation and opinion—the record does not compel a contrary conclusion. *Id.* at 835.

2. Because Singh cannot satisfy the burden of proof necessary for asylum, he also cannot satisfy the "more demanding standard" that withholding of removal requires. *See Davila*, 968 F.3d at 1141; *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017).

3. The BIA did not err by concluding that Singh failed to demonstrate that the Indian police would acquiesce to his torture by the Akali party. *Madrigal v. Holder*, 716 F.3d 499, 509–10 (9th Cir. 2013). Singh testified that he never reported his beatings to the police. Indeed, he did not testify to any interactions with the police at any point during his time in India. Moreover, Singh provides no evidence other than his subjective belief that the police are "in nexus" with the Akali party; the background documents provide no support for this assertion. Singh's subjective belief is not enough to counter the contradictory objective evidence. *See Nagoulko v. I.N.S.*, 333 F.3d 1012, 1018 (9th Cir. 2003).

4.  Singh failed to administratively exhaust his claim for humanitarian relief by raising it before either the BIA or the IJ.  *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004) ("It is a well-known axiom of administrative law that 'if a petitioner wishes to preserve an issue for appeal, he must first raise it in the proper administrative forum.'" (quoting *Tejeda–Mata v. INS*, 626 F.2d 721, 726 (9th Cir. 1980))).  We therefore decline to review it here in the first instance.

**PETITION DENIED IN PART AND DISMISSED IN PART.**